UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO OCAMPO-CONTRERAS (A-Number: 235-775-179),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

Case No.  1:26-cv-0579-DAD-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Ricardo Ocampo-Contreras entered the United States at an unknown time and was detained by ICE in 2025.  Petitioner, now proceeding with counsel, has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention violates the Fifth Amendment and the Immigration and Nationality Act.  The court issued injunctive relief, ordering that petitioner be afforded a bond hearing.  Petitioner was provided that hearing, at which he was denied bond.  Respondent now moves to dismiss the amended petition on the grounds that petitioner has failed to exhaust his administrative remedies.  For the following reasons, I recommend that respondents' motion to dismiss be granted and that the petition be dismissed.

**Background**

Petitioner entered the United States at an unknown time.  ECF No. 24-1 at 5.  There is no

1

allegation or evidence that, prior to his present detention, petitioner had any contact with immigration officials.  In July 2025, petitioner was detained by ICE in California.  *Id*.

### Procedural History

On January 23, 2026, petitioner, initially proceeding pro se, filed a petition for writ of habeas corpus and a motion for appointment of counsel.  ECF Nos. 1 & 3.  I appointed counsel on January 27, 2026, and appointed counsel appeared on January 30, 2026.  *See* ECF Nos. 4 & 9.

On February 19, 2026, petitioner filed a combined amended petition and motion for temporary restraining order.  ECF No. 15.  One week later, the court granted petitioner's motion for temporary restraining order and ordered respondent to "provide petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)."  ECF No. 18.

On March 27, 2026, petitioner filed what the court construes as a motion to enforce judgment.  ECF No. 21.  On April 8, 2026, the court denied this motion on the basis that petitioner has failed to exhaust his administrative remedies; the court also referred the matter to me.  ECF No. 22.  On April 20, 2026, respondent filed a motion to dismiss the amended petition on the basis that petitioner has failed to exhaust his administrative remedies.  ECF No. 24.  On May 4, 2026, petitioner filed an opposition to respondent's motion.

### Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner has failed to exhaust his administrative remedies. Accordingly, respondent's motion to dismiss should be granted, and the petition should be dismissed without prejudice.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). To decide whether exhaustion is required, courts consider the *Puga* factors to determine if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Where a court finds that the petitioner fails to exhaust prudentially required administrative remedies, it "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Id*. (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). However, even if a consideration of the *Puga* factors favors prudential exhaustion, a court may nonetheless excuse exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id*. (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). I begin by considering the *Puga* factors in turn.

First, it does not appear that "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision." *See Hernandez*, 872 F.3d at 988. On the contrary, courts have found that where, as here, the petitioner is entitled to a bond hearing under section 1226, the first *Puga* factor weighs against prudential exhaustion. *See Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Hernandez Burruel v. Murray*, No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025). The parties have provided a transcript of the bond hearing and a copy of the immigration judge's order; it therefore appears that consideration by the Board of Immigration Appeals ("BIA") is

3

unnecessary to generate a record or for this court to reach a proper decision.  *See* ECF No. 21-3; ECF No. 24-1 at 7.  For these reasons, the first *Puga* factor does not weigh in favor of finding exhaustion prudential.

Second, "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme."  *See Hernandez*, 872 F.3d at 988.  "Granting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations."  *See Okoth*, 2026 WL 45199, at *3 (finding that the second *Puga* factor weighs in favor of prudential exhaustion).  Notably, the Court of Appeals has held that section 1226's procedures facially satisfy due process.  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022).  While the Court of Appeals did not foreclose as-applied challenges, petitioner does not argue that section 1226's procedures violate his due process rights.  I find that "relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum."  *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

Third, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  *See Hernandez*, 872 F.3d at 988.  Indeed, the BIA "has the authority to correct the erroneous factual determinations and evidentiary errors alleged" by petitioner.  *See Martinez*, 2025 WL 2689844, at *5 (citing 8 C.F.R. § 1003.1(d)(3)(i)–(ii)).  The BIA's review of the IJ's order would "allow the agency to correct its own mistakes" and potentially "preclude the need for judicial review."  *See Hernandez*, 872 F.3d at 988.

Accordingly, while the first factor weighs against prudential exhaustion, the second and third factors support the finding that petitioner has failed to exhaust prudentially required administrative remedies.

As noted, a court may excuse exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  *Id*.  Petitioner argues that administrative review would be "unavailable or futile."  ECF No. 27 at 4.  Petitioner, however, does not provide

any justification for this assertion. On the contrary, exhaustion would not be futile because, as noted, the BIA "has the authority to correct the erroneous factual determinations and evidentiary errors alleged" by petitioner. *See Martinez*, 2025 WL 2689844, at *5. To the extent that petitioner argues that administrative relief is inadequate, such an argument does not excuse the exhaustion requirement. As the court in *Martinez* held when considering a similar argument:

> Even assuming *arguendo* Petitioner had shown that immediate federal judicial review of his claims would be *more efficient*, this is not the same as demonstrating that the available administrative processes are inadequate and inefficient. Indeed, a version of Petitioner's argument could be made by virtually every litigant attempting to bypass the administrative process by proceeding directly to the federal courts. Permitting Petitioner to avoid the administrative scheme based solely on the additional time required to pursue administrative remedies would create an exception to exhaustion that would swallow the rule.

*Martinez*, 2025 WL 2689844, at *6 (emphasis in original).

I agree with the analysis in *Martinez* and find that petitioner has not demonstrated that the exhaustion requirement should be excused on the basis of inadequate relief.

Petitioner also argues that the exhaustion requirement should be excused because he brings a constitutional challenge to his detention. ECF No. 27 at 3. "[A]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up). However, "[n]ot all due process claims fall within this exhaustion exception. The key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken. In other words, challenges to procedural errors correctable by the administrative tribunal, must be exhausted." *Id*. (cleaned up).

In *Sun v. Ashcroft*, 370 F.3d 932, 935 (9th Cir. 2004), the petitioner filed a habeas petition under 8 U.S.C. § 1252, which the district court had denied for the petitioner's failure to exhaust his administrative remedies. In affirming the district court's order, the Court of Appeals held:

5

> [The petitioner] also makes due process challenges to his potential removal. We have made an exception to the exhaustion requirement for constitutional challenges to statutes and to the administrative rules of procedure. However, there is an important qualification to this exception to the general rule requiring exhaustion: If an alleged procedural error could have been challenged before the BIA and was not, we lack jurisdiction to review it. To the extent that [the petitioner's] procedural due process arguments are more than a repetition of his substantive constitutional claims, he did not present the arguments to the BIA, so we are without jurisdiction to review them.

*Id*. at 944 n.18 (cleaned up).

As an initial matter, petitioner argues that the IJ committed procedural error.[1] ECF No. 21 at 2-3. To the extent that petitioner seeks judicial review of the IJ's order, he first must exhaust his administrative remedies. *See Sun*, 370 F.3d at 944 n.18; *Morgan v. Gonzales*, 495 F.3d 1084, 1090 (9th Cir. 2007) ("The exception to the rule that constitutional claims need not be exhausted before the agency are claims of denial of procedural due process by the IJ, which must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims.").

Moreover, the Court of Appeals has held that section 1226(a) and its implementing regulations provide "extensive procedural protections," including "several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz*, 53 F.4th at 1202. While the BIA does not have jurisdiction to consider an as-applied constitutional challenge to section 1226(a), petitioner makes no such claim. *See Sola*, 720 F.3d at 1135. As such, petitioner's due process claim does not fall within the exhaustion exception, and his requirement to exhaust should not be excused on the basis that he brings a constitutional claim. *See Sun*, 370

---

[1] Petitioner argues that, at his bond hearing, the burden should have been placed on the government. ECF No. 21 at 2. Petitioner presents no authority for the assertion that the government bears the burden of proof at bond hearings held under 8 U.S.C. § 1226(a). On the contrary, the Court of Appeals has recognized that a petitioner bears the burden of proof at a section 1226(a) hearing, and the court rejected the argument that due process requires a second bond hearing at which the government bears the burden of proof. *Rodriguez Diaz*, 53 F.4th at 1197, 1203.

6

F.3d at 944 n.18; *Okoth*, 2026 WL 45199, at *4 (requiring exhaustion where the petitioner brought a due process claim); *Ngugi v. Lyons*, No. 1:25-cv-1783-KES-EPG, 2026 WL 35610, at *4 (E.D. Cal. Jan. 6, 2026) (same); *Martinez*, 2025 WL 2689844, at *7 (same).

Accordingly, because petitioner does not demonstrate that the exhaustion requirement should be excused, the petition for writ of habeas corpus should be dismissed without prejudice. *See Hernandez*, 872 F.3d at 988 (holding that a petition may be dismissed without prejudice where the petitioner has failed to exhaust administrative remedies); *Okoth*, 2026 WL 45199, at *4 (dismissing petition because the petitioner failed to exhaust administrative remedies); *Martinez*, 2025 WL 2689844, at *7 (same).

Lastly, the Court of Appeals' decision in *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011), is persuasive. In that case, after the petitioner filed a habeas petition, the court ordered that petitioner be afforded a *Casas-Castrillon* hearing.[2] *Id*. at 1159. The petitioner was provided a hearing, at which the IJ denied bond based on the finding that the petitioner "posed a danger to the community." *Id*. "Rather than appealing the IJ's adverse bond determination to the BIA, [the petitioner] filed a motion for review of the IJ's decision in his pending habeas case, arguing that the hearing failed to satisfy due process or conform to the district court's previous order." *Id*. The Court of Appeals held that "[t]his short cut was improper" and that the petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Id*. at 1160. The court further held that "[o]nce the BIA rendered its decision, [the petitioner] could have properly pursued habeas relief in the district court." *Id*. Accordingly, the court remanded the case with instructions for the district court to dismiss the action without prejudice. *Id*. at 1161.

---

[2] A *Casas-Castrillon* hearing was afforded to a noncitizen detained under 8 U.S.C. § 1226(c) and whose "immigration case reaches judicial review" such that their detention is then governed under 8 U.S.C. § 1226(a), which provides for a bond hearing. *Avilez v. Garland*, 69 F.4th 525, 528 (9th Cir. 2023) (citing *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008)). The Court of Appeals has since overturned *Casas-Castrillon*, holding that section 1226(c) "authorizes detention during the judicial review phase of removal proceedings." *Id*. at 537. While *Casas-Castrillon* is no longer good law, and the hearing in the present action is distinct, *Leonardo* is nonetheless instructive.

Here, as in *Leonardo*, the court ordered a bond hearing, petitioner was denied bond at that hearing, and petitioner has sought judicial review before exhausting administrative remedies. Given these core similarities, the Court of Appeals' reasoning from *Leonardo* is persuasive; petitioner's "short cut was improper" and he must exhaust administrative remedies—i.e., wait until the BIA issues its decision on his appeal—before seeking habeas relief. *See id.* at 1160. Accordingly, as in *Leonardo*, I find that the petition should be dismissed without prejudice. *See id.* at 1161.

### Conclusion

Based on the foregoing, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 24, be GRANTED.

2. Petitioner's amended petition for writ of habeas corpus, ECF No. 15, be dismissed without prejudice.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     June 24, 2026          _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE