UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICCARDO OCAMPO-CONTRERAS,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-00579-DAD-JDP (HC)<br><br><u>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO DISMISS, AND GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. Nos. 24, 28) |

Petitioner Ricardo Ocampo-Contreras is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 24, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's first amended petition for writ of habeas corpus (Doc. No. 15) be denied. (Doc. No. 24.) Specifically, the magistrate judge found that the court previously ordered a bond hearing be provided to petitioner (Doc. No. 18), a bond hearing was provided, and petitioner has not exhausted his administrative remedies by appealing the results of that bond hearing. (*Id.* at 3–8.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 8.) On July 8, 2026, petitioner filed his objections. (Doc. No. 29.)

In those objections, petitioner repeats arguments which were rejected by the magistrate judge that he is currently exhausting his administrative remedies and that the immigration judge's determination that he would pose a danger is based on a sole misdemeanor conviction for disorderly conduct. (*Id.* at 2.) Neither of these arguments provide a basis upon which to reject the pending findings and recommendations. However, petitioner for the first time in this action makes clear that his July 23, 2025 detention occurred during an I-485 adjustment of status interview.[1] (*Id.*) As this court has previously explained, detention of a petitioner at an adjustment of status interview violates the INA. *Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782, at *2 (E.D. Cal. Nov. 25, 2025). Based on the reasoning in *Franco*, the court finds that immediate release is the appropriate remedy in this case.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.

For the reasons above,

1. The court DECLINES to adopt the findings and recommendations issued on June 24, 2026 (Doc. No. 28);
2. Petitioner's first amended petition for writ of habeas corpus (Doc. No. 15) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Ricardo Ocampo-Contreras, A-File No. 235-775-179, from respondents' custody;
    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
3. Respondent's motion to dismiss (Doc. No. 24) is DENIED;

---

[1] In his first amended petition, petitioner alleged that he was detained "while attending his residency interview" without stating what procedure he was pursuing when that residency interview was conducted. (Doc. No. 15 at ¶ 16.)

4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

5. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 10, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE